# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINKSMART WIRELESS TECHNOLOGY, LLC<br><br>Plaintiff,<br><br>v.<br><br>DEEP BLUE COMMUNICATIONS LLC<br><br>Defendant. | Case No. 1:18-cv-02441-EK-PK<br><br>**[PROPOSED]**<br>**CONFIDENTIALITY ORDER** |

## ~~CONFIDENTIALITY ORDER~~

It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

(a) The following documents and information may be designated as "~~confidential~~Confidential," provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it [check all that apply]:

    X    Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).~~Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data.~~

       Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records.

       Medical and Legal Records, including medical files and reports.

       Non-public criminal history.

(b) The following documents and information may be designated as "~~H~~highly ~~C~~onfidential" provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it:

    1) (1) Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, technical, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data..
 (1)

 (b) The following Ddocuments and information may be designated as "Hhighly Ceonfidential — Source Code" provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it:if the producing party has a good faith belief that such documents or information contain a party's source code, which shall mean computer source code, other executable code, or similar programming statements or instructions that in general are converted into machine language by compilers, assemblers, or interpreters, including Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.
 (c)

    (1) In the event that material suitable for designation as "Highly Confidential — Source Code" ("Source Code") is produced in this action, the producing party may make its Source Code available for inspection electronically in the same form as maintained in the ordinary course of the producing party's business and in computer searchable format, except that the producing party, at its discretion, may make the files "read only" to prevent modification, provided that this doesn't preclude using review tools to create additional files with line numbers, file name, etc. The producing party will make its Source Code available for inspection on one "stand alone" Source Code Review Computer (i.e., individual computers that are not connected to any network, Internet, or peripheral device) in the format suitable for review at the offices of the producing party's counsel, or at another location that the Parties can agree upon, such agreement not to be unreasonably withheld (the "Designated Facility"). Should the need for a second review computer arise, the parties will negotiate the provision of the second computer and the assessment of the costs of the second computer in good faith.

    (2) Unless otherwise agreed to in writing between the producing party and the receiving party, a receiving party may only review a producing party's Source Code on the Source Code Review Computer. The Source Code Review Computer may be configured to prevent additional peripheral devices (e.g., USB thumb drives) from being connected to it.

    (3) Absent agreement to the contrary, access to the Source Code Review Computer will be made available during regular business hours. However, upon reasonable notice from the receiving party, the producing party shall make reasonable efforts to accommodate the receiving party's request for access to the Source Code outside of normal business hours. To the extent such accommodation results in additional expense including overtime for

employees required to keep the office open, such expense will be borne by the receiving party.

(4) The receiving party, at its own expense, may request that the producing party install software on a Source Code Review Computer to perform searches of the producing party's Source Code, provided that such other software is necessary for the receiving party to perform its review of the Source Code consistent with all of the protections herein. The receiving party must provide the producing party with appropriate access to such software tool(s), including by procuring any necessary software licenses, at least ten (10) calendar days in advance of the date upon which the receiving party wishes to have the additional software available for use on the Source Code Review Computer.  The producing party shall be responsible for the costs associated with the loading of review tools only prior to the receiving party's first access to the Source Code Review Computer. Thereafter, should the receiving party desire additional review tools, the receiving party shall be responsible for the costs associated with the loading of those additional review tools. The producing party reserves the right to reject any review tool that permits editing, modifying, or compiling the source code. Timely requests for the installation of such review tools software will not be unreasonably denied so long as the requested review tools software is compatible with the operating system, and other software necessary to make the Source Code available for inspection, installed on a Source Code Review Computer, does not prevent or impede the receiving party's access to the Source Code produced for inspection on a Source Code Review Computer and does not side-step any of the security features enabled on a Source Code Review Computer (e.g., enable connection and use of USB thumb drives). The receiving party shall not erase, load, install, or otherwise modify any program (or request that any other program be erased, loaded, installed, or otherwise modified by the producing party) on the Source Code Review Computer.

(5) A list of names of persons who will view the Source Code materials will be provided to the producing party in conjunction with any written (including e-mail) notice requesting inspection. The producing party may request that persons viewing Source Code sign a log sheet, provided by the producing party, when they enter or depart the Designated Facility. The producing party will provide a copy of the log to the receiving party within five (5) business days of requesting a copy of the log. The producing party shall be entitled to have a person observe all entrances and exits from the viewing room. However, any monitors must remain at a reasonable distance away from those reviewing the source code so that those reviewing the code may discuss the code without being overheard by the monitor. No recordable media, recordable devices, input/output devices or other electronic devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any

kind, shall be permitted in the source code reviewing room. Notwithstanding the above limitations, if requested, a producing party will make available a computer for note taking, subject to the following restrictions:

    a. All network connectivity and other access to external devices (e.g. USB devices) will be disabled;
    b. The receiving party does not use the computer to copy any source code;
    c. No files can be removed from the device but, at the request of the receiving party's counsel or independent expert, a printer will be provided for the receiving party's counsel or independent expert to print any notes taken;
    d. After printing, the receiving party will delete the notes from the computer and sign a statement confirming that no lines of source code were copied into the notes;
    e. The producing party will not retain or view any copies of notes in any form that were taken on the computer by the receiving party's counsel or independent expert; and
    f. Any such notes must be labeled "Highly Confidential — Source Code" under this Order and treated as such.

(6) The receiving party shall be entitled to have the producing party print in paper form, reasonable portions of Source Code reasonably anticipated by the receiving party to be necessary for the preparation of claims or defenses in this case. The receiving party shall not request printing of Source Code in order to review blocks of Source Code elsewhere in the first instance, *i.e.*, as an alternative to reviewing that Source Code electronically on the Source Code Review Computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted solely to enable use of Source Code in filings, depositions, proceedings, contentions, expert reports, and related drafts and correspondence.

(7) The producing party will provide any printed paper copies to the requesting party within three (3) business days of the requesting party's request, unless otherwise agreed or the producing party objects to the request. The producing party may object to any portion of any printed Source Code files deny printing of any Source Code files pending resolution of the producing party's objection. The parties shall meet and confer to resolve any such dispute within five (5) business days of the receiving party's Source Code print request. If the parties are unable to resolve such a dispute, the receiving party may apply to the Court for relief. Any contested portion of any printed Source Code files need not be produced to the receiving party until the dispute is resolved by the parties or the Court.

(8) If the receiving party desires to receive printed copies of more than a continuous block of up to fifteen (15) pages of Source Code or of an entire file, or if the producing party challenges the amount of printed Source Code, the parties shall meet and confer.  Any contested portion of any printed Source Code files need not be produced to the receiving party until the dispute is resolved by the parties or the Court.  After printing, the producing party shall clearly label each page of any printed copies "Highly Confidential — Source Code" and give each page a unique identification number.

(9) For purpose of use in connection with a motion, hearing or trial, the receiving party's Outside Counsel may make three (3) copies of the printed Source Code pages after delivery for internal use.  Whenever hard copies are made, counsel for the receiving party shall provide to counsel for the producing party an identification of when the copies were made and who made them. Any hard copies shall be clearly labeled "Highly Confidential — Source Code" and labeled with the corresponding copy number (e.g., "Copy l," "Copy 2," or "Copy 3").  Printed copies of Source Code shall be securely maintained in locked rooms or cabinets at the offices of the litigation~~no~~ counsel of the receiving party or the offices of the receiving party's independent expert(s).  Printed copies may only be used in connection with the preparation and filing of a motion (under seal), preparing expert reports, depositions, a hearing, and/or during trial and shall be destroyed as soon as they are no longer needed.  No electronic copies (e.g., scans, PDFs, tiffs, etc.) of any of the printed Source Code pages may be created without prior written consent of the producing party.  The receiving party shall ship printed copies of Source Code only by a secure carrier and shipping method that provides tracking information for such shipment.  If delivery of such shipment is delayed by more than three (3) business days, or if such shipment is lost by the carrier, the receiving party will notify the producing party of the circumstances immediately.

(10) Printed copies of Source Code may be reviewed by persons or entities permitted to access "Highly Confidential — Source Code" information at the offices of Outside Counsel of the receiving party or the offices of the receiving party's independent expert(s), but may not be removed from such offices.  Citations to source code should be made by production (Bates) number and line number in expert reports, contentions, or other documents that are not filed with the Court, to prevent unnecessary copying and transmittal of such code.  To the extent a party believes in good faith that source code is required in a Court filing, it shall meet and confer with the producing party regarding appropriate procedures for doing so.  Extra copies of "Highly Confidential — Source Code" information may be made for and used in Court filings and proceedings, and depositions of persons or entities permitted to access, or be deposed on, ""Highly Confidential — Source Code" information of the producing party.  Copies made for such purposes

5

> > (Court filings and proceedings, and depositions) do not count against the three additional copies allowed under Section 6.2.9. The receiving party shall provide two (2) business days' notice to the producing party if the receiving party intends to use Source Code in a deposition.
>
> (11) Source Code shall not be filed electronically with the Court. Any filing requiring submission of Source Code shall be filed under seal with reference to the Source Code portions by page and line number only, along with a designation that a paper copy of the corresponding Source Code has been lodged with the Court. For the sake of clarity, any copy of any Source Code included with a filing must be hand delivered to the Court in paper format only, and shall not be served electronically on any party.
>
> (12) All paper copies that are no longer necessary in the litigation (e.g., extra copies at the conclusion of a deposition) shall be returned to the producing party. Copies of Source Code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.
>
> (13) If the parties believe that in-person review of Source Code is unduly hazardous, the parties agree to work collaboratively to identify and implement temporary procedures that will enable the receiving party's authorized personnel (e.g., litigation counsel and independent experts) to review source code without the need for travel or in-person code review.

~~(1)~~

~~(c)~~(d) If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court. Such application shall only be granted for good cause shown.

~~(d)~~(e) An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word<ins>s</ins> "Confidential," "Highly Confidential," or "Highly Confidential — Source Code" ~~"confidential"~~ on each page.

If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "Confidential," "Highly Confidential," or "Highly Confidential — Source Code" ~~confidential,"~~ and incorporate by reference the appended material into the responses.

At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as "C~~c~~onfidential," "Highly Confidential," or "Highly Confidential — Source Code" -specific portions of the transcript which contain confidential matters under the standards set forth in paragraph<ins>s</ins> (a)–(c) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit

6

confidential information. Transcripts will be treated as ~~confidential~~ "Highly Confidential" for this 10-day period. Any portions of a transcript so designated ~~confidential~~ shall thereafter be treated as confidential in accordance with this Order. The confidential portion(s) of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential ~~Information~~," "Highly Confidential," or "Highly Confidential — Source Code" by the reporter.

(f) Documents designated "~~confidential~~Confidential" shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel and other persons necessary to review the documents for the prosecution or defense of this lawsuit.

(g) Documents designated "Highly Confidential" shall be shown only to the outside litigation counsel appearing in this action, independent experts (i.e., persons not currently or formerly employed by any party), court personnel, independent vendors (i.e., document management services, graphics firms, court reporters, videographers, etc.), persons shown on the face of the document to have authored or received it, and any other individuals who are mutually agreed upon in writing by the parties.

(h) Documents designated "Highly Confidential — Source Code" shall be shown only to the outside litigation counsel appearing in this action, no more than three (3) independent experts (i.e., persons not currently or formerly employed by any party), court personnel (provided any filings are under seal or with other suitable precautions determined by the Court), independent vendors (i.e., document management services, graphics firms, court reporters, videographers, etc.), persons shown on the face of the document to have authored or received it, and any other individuals who are mutually agreed upon in writing by the parties.

~~(e)~~(i) Each person who is permitted to see "Confidential," "Highly Confidential," or "Highly Confidential — Source Code" ~~confidential~~ documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidential designation. Each person who is permitted to see ~~c~~onfidential documents, who is not a party or an attorney for a party, shall be required to sign an agreement to be bound by this Order, attached hereto as Exhibit A. The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation.

~~(f)~~(j) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

~~(g)~~(k) The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "~~confidentia~~confidential under the standards set forth in paragraphs (a)–(c) above~~l~~," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Order.

7

~~(h)~~(l) If a party believes that a document designated or sought to be designated confidential under the standards set forth in paragraphs (a)–(c) above by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(m)   The parties shall comply with the Eastern District of New York's Steps for E-Filing Sealed Documents in Civil cases, located at https://www.nyed.uscourts.gov/sites/default/files/forms/EfilingSealedCV.pdf, if they wish to move to file a document under seal.

—Any attorney representing Plaintiff, whether in-house or outside counsel, and any person associated with Plaintiff and permitted to receive Defendants' "Highly Confidential — Source Code~~,~~" or "~~high~~Highly Confidential," materials

~~(i)~~(n) ~~"Highly Confidential – Source Code~~ "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has accessed, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application, re-examination proceeding, or *inter partes* review proceeding (collectively "Relevant Patent Prosecution Activities"), relating to (i) the field of invention of the patents-in-suit; (ii) the accused infringing technology of the Defendants; (iii) controlling access to a network using a rule set (generally or as described in U.S. Reissue Patent 46,459); or (iv) the subject matter of the HIGHLY SENSITIVE MATERIAL during the pendency of this Action and for one year after its conclusion, including any appeals.  To ensure compliance with the purpose of this provision, Plaintiff shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of Plaintiff or its acquirer, successor, predecessor, or other affiliate, ~~prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application relating to categories (i), (ii), (iii), or (iv) above, or the acquisition of any patent or application relating to these categories.~~engage in "Relevant Patent Prosecution Activities."

~~(j)~~(o) Within a reasonable period after the conclusion of the litigation, all confidential material shall be returned to the respective producing parties or destroyed by the recipients.

~~(k)~~   In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

~~(l)~~(p) 

~~(m)~~(q)   This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

8

Dated: June 9, 2020  /Benjamin T. Wang/

Counsel for Plaintiff Linksmart Wireless Technology, LLC


Dated: June 9, 2020  /Krishnan Padmanabhan/

Counsel for Defendant Deep Blue Communications LLC


**SO ORDERED:**

Dated: Brooklyn, New York
             , 20   

PEGGY KUO
United States Magistrate Judge

9